**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

MICHAEL FITZGERALD HUBBARD,

Plaintiff,

v.

DULUTH TOWNSHIP, MN, *Legal*; THE TWO
HARBORS POLICE DEPARTMENT; THE
CITY OF HERMANTOWN, MN; THE CITY
OF SUPERIOR, WISCONSIN POLICE
DEPARTMENT; THE CITY OF DULUTH
POLICE HEADQUARTERS; LAKE COUNTY,
MN SHERIFF'S OFFICE; DOUGLAS
COUNTY, WI SHERIFF'S DEPARTMENT;
ST. LOUIS COUNTY, MN SHERIFF'S
OFFICE; UMD POLICE DEPARTMENT;
UMD IT DEPARTMENT; MINNESOTA
STATE PATROL; BOARD OF PEACE
OFFICER STANDARDS AND TRAINING,
*POST*; MINNESOTA DEPARTMENT OF
REVENUE; MINNESOTA IT SERVICES,
*MNIT*; THE ST. LOUIS COUNTY, MN;
LAKE SUPERIOR FORENSIC
TECHNOLOGY AND INTERNET CRIMES
AGAINST CHILDREN TASK FORCE, *ICAC*;
MINNESOTA FUSION CENTER, *MNFC*;
THE MINNESOTA DEPARTMENT OF
TRANSPORTATION; MINNESOTA
DEPARTMENT OF CORRECTIONS, *DOC*;
and THE 6TH JUDICIAL DISTRICT COURT,
MN,

Defendants.

Case No. 26-cv-341 (LMP/LIB)

**ORDER DISMISSING
COMPLAINT**

Plaintiff Michael Fitzgerald Hubbard brought this case on January 15, 2026.  ECF

No. 1.   Hubbard   seeks   to   proceed   *in   forma   pauperis*   ("IFP"),   ECF   No.   2   ("IFP

Application"), so his complaint is subject to pre-service review under 28 U.S.C. § 1915(e)(2)(B). He also filed a motion for a protective order in which he appears to request the same relief he requests in his complaint, *see* ECF No. 3, and numerous exhibits that purportedly support his claims, *see* ECF Nos. 1-1, 4-1, 7, 7-1, 7-2, 7-3. Having reviewed Hubbard's filings, the Court dismisses his complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and denies both his IFP Application and his motion for a protective order as moot.

## BACKGROUND

Hubbard's complaint contains about twenty-five pages alleging a vast, sophisticated conspiracy involving twenty essentially unrelated government entities. *See* ECF No. 1 at 11–33.[1] Hubbard alleges that these entities have engaged in conduct including unlawful surveillance, identify theft, and judicial corruption. *See id.* By way of example, the Court notes the following clusters of allegations:

- Hubbard alleges he found "at least 15 US Bank Visa signature flex perks" credit cards issued in his name, each with "$25k monthly limits," totaling hundreds of thousands of dollars in fraudulent credit. *Id.* at 12–13. He claims that proof of this fraud was stolen from his apartment as part of a burglary that occurred in January 2026 and replaced with copies of statements from 2019 only. *See id.*

- Hubbard alleges that software called "Rave Guardian" and "XM Guardian" was installed surreptitiously on his electronic devices and vehicles to track him. *See id.* at 14. He claims this software alters dispatch data so that, when he calls 911, operators describe him as a "mental patient." *Id.* He further alleges that state agents deleted certain Google Drive files in real time while he was present in the St. Louis County Public Safety Building. *See id.* at 16.

---

[1]     Hubbard's complaint is not consecutively paginated, so the Court cites specific pages by the page numbers assigned by this District's CM/ECF electronic filing system.

2

- Hubbard appears to allege that he has been placed on a sex-offender registry without a conviction. *See id.* at 18–19. As evidence, he asserts that "City-Data" icons appear over his property on maps and that strangers' phones repeatedly "chirp" because of community-alert apps (for example, Everbridge Mass Notification) when he walks past them in public. *See id.*

- Hubbard alleges that a "convicted felon child rapist level 3 sex offender" stole his identity and appeared in his place during his Minnesota state-court divorce proceedings. *Id.* at 28. He claims the imposter "had 'Court Administration' on speed dial" and manipulated the court to steal Hubbard's business and assets. *Id.* at 28–29. Hubbard asserts that he was never served and therefore remained unaware of the proceedings. *See id.* at 29.

- Hubbard alleges that Defendants interfered with his healthcare providers to force the discontinuation of his "ADHD medication." *Id.* at 25. He claims this was done to cause him "unbearable suffering." *Id.* at 26.

Generally, Hubbard contends that twenty separate entities, ranging from the Minnesota Department of Revenue to the "Lake Superior Forensic Technology and Internet Crimes Against Children Task Force," are working in concert to harass him, hack his devices, and destroy his life. *See id.* at 11–33.

## ANALYSIS

Although Hubbard's IFP Application suggests that, as a financial matter, Hubbard might qualify for IFP status, the federal statute governing IFP proceedings states that a court "shall dismiss" an IFP proceeding "at any time" if the court determines that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i); *see also Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP . . . , and the provisions allow dismissal without service."). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also, e.g., Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002).

3

Dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) turns on whether a complaint's factual allegations plausibly support a legal claim. *See Brower v. County of Inyo*, 489 U.S. 593, 598 (1989). As it relates to frivolousness, however, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327). Allegations that are "clearly baseless" include those that are "fanciful," "fantastic," or "delusional." *Id.* at 32–33 (quoting *Neitzke*, 490 U.S. at 325, 328). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Hubbard's complaint and other filings present a "fanciful" or "fantastic" scenario which falls squarely within the category of "frivolous" claims to which 28 U.S.C. § 1915(e)(2)(B)(i) applies. *See id.* at 32–33. There is no arguable basis in fact that multiple state agencies, municipalities, law enforcement agencies, and judicial officers spread across two states engaged in a conspiracy to, among other things, install tracking software on Hubbard's electronic devices, hire imposters to impersonate him in court, manipulate passersby's phones to "chirp" at him, or interfere with his ability to obtain medications.

The Court therefore dismisses Hubbard's complaint in its entirety as frivolous under 28 U.S.C. § 1915(e)(2)(B).[2] And because the Court dismisses the complaint in its entirety, the Court also denies his IFP Application and motion for a protective order as moot. The Court further certifies that any appeal of this dismissal is not taken in good faith and, accordingly, any request to proceed IFP on appeal will be denied on that basis. *See* 28 U.S.C. § 1915(a)(3).

One final point: Hubbard previously filed two complaints in this District making remarkably similar allegations of conspiratorial conduct by many of the same parties he names in this case. *See generally Hubbard v. Lake Cnty. Sheriff's Dep't*, No. 25-cv-999 (PJS/LIB), ECF No. 1 (D. Minn. filed Mar. 17, 2025); *Hubbard v. St. Louis Cnty. Sheriff's Dep't*, No. 25-cv-1110 (PJS/LIB), ECF No. 1 (D. Minn. filed Mar. 27, 2025). Those complaints were also largely dismissed as frivolous. *See Hubbard v. Lake Cnty. Sheriff's Dep't*, No. 25-cv-999 (PJS/LIB), ECF No. 4 at 6–7 (D. Minn. Apr. 18, 2025) (dismissing

---

[2]   Even if Hubbard's complaint was not frivolous, the Court would dismiss it in its entirety for other reasons. First, Hubbard names numerous law enforcement entities as defendants, but police departments and sheriff's offices are not entities that are subject to suit. *See, e.g.*, *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam). Second, Hubbard purports to sue numerous state agencies, but those claims generally are barred by Eleventh Amendment sovereign immunity, *see, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), and Hubbard's filings do not suggest that any exception to that general rule applies here, *see, e.g.*, *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2011). Third, Hubbard purports to bring claims under numerous criminal statutes, *see* ECF No. 1 at 35–36, but private citizens "do not have standing to enforce criminal statutes or have them enforced," *Kunzer v. Foster*, No. 24-cv-3726 (LMP/LIB), 2025 WL 1139345, at *4 (D. Minn. Apr. 17, 2025) (citation omitted). Finally, setting aside all these issues, Hubbard's complaint generally does not plausibly allege his entitlement to the relief he seeks. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

most claims in both cases because "[m]any of Hubbard's allegations . . . depict scenarios that are irrational or wholly incredible").  And three other complaints filed by Hubbard in this District in the last year were dismissed before service under 28 U.S.C. § 1915(e)(2)(B). *See Hubbard v. Two Harbors Fed. Credit Union*, No. 25-cv-2123 (PJS/LIB), ECF No. 3 (D. Minn. May 22, 2025); *Hubbard v. Two Harbors Fed. Credit Union*, No. 25-cv-2357 (NEB/LIB), ECF No. 5 (D. Minn. June 22, 2025); *Hubbard v. Neo*, No. 25-cv-3316 (KMM/LIB), ECF No. 3 (D. Minn. Sept. 18, 2025).

Courts have the authority to control matters pending before them, and while there is a right to access the courts, there is "no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (citation omitted).  When a litigant repeatedly files frivolous claims, a court may order him to obtain prior judicial approval before initiating future lawsuits.  *See, e.g.*, *Sassower v. Carlson*, 930 F.2d 583, 584–85 (8th Cir. 1991) (per curiam).  The Court therefore warns Hubbard that if he continues to file frivolous or otherwise meritless complaints in this District, he will be restricted from initiating new lawsuits in the District of Minnesota unless he is represented by an attorney or receives prior written approval from a judicial officer in this District.  *See id.*

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Hubbard's Complaint (ECF No. 1) is **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2)(B);

2.      Hubbard's IFP Application (ECF No. 2) is **DENIED** as moot; and

3.      Hubbard's Motion for Protective Order (ECF No. 3) is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 9, 2026                     *s/Laura M. Provinzino*
                                         Laura M. Provinzino
                                         United States District Judge